UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE M. GREEN JR.,<br><br>                Plaintiff,<br><br>v.<br><br>ARA YAVRUYAN, Owner of Chain Vault, Inc.,<br><br>                Defendant. | Case No.: 3:21-cv-1045-GPC(BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[Dkt. No. 2.]** |

On June 2, 2021, Plaintiff Eddie M. Green Jr., proceeding pro se, filed a form complaint against Defendant Ara Yavruyan, Owner of Chain Vault, Inc. (Dkt. No. 1.) He also filed a motion to proceed in forma pauperis. (Dkt. No. 2.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis.

**A.    Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed In Forma Pauperis ("IFP") pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted a declaration reporting that he receives $300.00/month from retirement funds and $514.00/month from disability benefits. (Dkt. No. 2 at 1-2.[2]) He and his spouse have not been employed for the past two years and assert to have $0 in cash. (*Id.* at 2.) Plaintiff owns a 1998 Ford Expedition with a value of around $313.00. (*Id.* at 3.) He has monthly expenses of around $1,104.48. (*Id.* at 4.) Plaintiff indicates that he is a senior citizen on disability and has limited resources. (*Id.* at 5.) Because his expenses exceed his monthly income, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Page numbers are based on the CM/ECF pagination.

complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Allegations in pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers", and must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

To assert a patent infringement claim, a plaintiff "should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement." *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. C 09–05659 WHA, 2011 WL 166198, at *2 (N.D. Cal. Jan. 8, 2011) (citing *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001)); *Phonometrics, inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (complaint sufficiently stated a claim where it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked.")

Here, the Complaint identifies the patent in dispute, alleges ownership of it and claim that defendant has infringed plaintiff's patent by making, selling and importing counterfeit products. (Dkt. No. 1, Compl. at 2.) The Court concludes Plaintiff, proceeding pro se, has sufficiently stated a claim for patent infringement to survive the

initial screening.

**Conclusion**

In sum, the Court GRANTS Plaintiff's motion to proceed in forma pauperis. Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall issue a summons as to Plaintiff's Complaint, (Dkt. No. 1), upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of the Complaint and the summons so that he may serve the Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

IT IS SO ORDERED.

Dated: June 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge