UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE M. GREEN JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARA YAVRUYAN, Owner of Chain Vault, Inc.; CHAIN VAULT, INC.,<br><br>Defendant. | Case No.: 21cv1045-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION**<br><br>[Dkt. No. 8.] |

Before the Court is Plaintiff's motion for service by publication. (Dkt. No. 8.) Based on the reasoning below, the Court DENIES Plaintiff's motion.

### Discussion

On June 1, 2021, Plaintiff Eddie M. Green Jr., proceeding pro se, filed a form complaint against Defendant Ara Yavruyan, Owner of Chain Vault, Inc. and Defendant Chain Vault, Inc.[1] for patent infringement as well as a motion to proceed in forma pauperis. (Dkt. Nos. 1, 2.) On June 8, 2021, the Court granted Plaintiff's motion to

---

[1] Defendant Chain Vault, Inc. was recently added to the Court's docket. Because Ara Yavruyan was the only Defendant listed on the caption of the complaint, he was the only defendant added by the Clerk of Court. However, because Chain Vault, Inc. is named in the body of the complaint, Defendant Chain Vault, Inc. has been added to the Court's docket.

proceed in forma pauperis and directed the U.S. Marshal to effect service. (Dkt. No. 4.) On July 27, 2021, the U.S. Marshal informed the Court it was unable to serve Defendant Ara Yavruyan at the provided address of 8875 Costa Verde Blvd. #8-11 noting that #8-11 does not exist at the complex. (Dkt. No. 6.) After this initial attempt at service, on August 19, 2021, Plaintiff filed the instant motion to serve by publication arguing that he has made numerous unsuccessful attempts to serve Defendants. (Dkt. No. 8.)

Plaintiff's claim that he has made numerous unsuccessful service attempts is concerning his service efforts in the patent infringement case he filed in the Southern District of Indiana. *See Green v. Yavruyan*, Case No. 4:20cv0052-TWP-DML, Southern District of Indiana. In that case, the district court directed the U.S. Marshal to serve the summons and complaint indicating that service may be made by certified mail. (Case No. 20cv52-TWP-DML, Dkt. No. 7 filed Mar. 31, 2020). On July 9, 2020, the U.S. Marshal indicated it was unable to execute service because the address provided for Defendants at 321 N. Pass Ave., Suite 222, Burbank Los Angeles CA 91505[2] was a Postal Annex Service Center, but noted a second address was found at 8875 Costa Verde Blvd. #A11, San Diego, CA 92122. (*Id*., Dkt. Nos. 13, 14.) The district court then issued an order directing the U.S. Marshal to serve defendants at the new address it found. (*Id*., Dkt. No. 16.) On October 20, 2020, service was again unexecuted because the address of 8875 Costa Verde Blvd., #A11, San Diego CA 92122 does not exist or is not valid and the U.S. Marshal wrote, "Building suite 111-1811." (*Id*., Dkt. Nos. 20, 21.) On October 23, 2021, the district court directed Plaintiff to provide an accurate address so that Defendants could be served or else the case would be dismissed without prejudice. (*Id*., Dkt. No. 21.) After submitting evidence of his efforts to search for Defendants' address, (*Id.*, Dkt. Nos. 22-24.), on November 2, 2020, Plaintiff filed a motion for alias summons.

---

[2] This address is what Defendant Chain Vault Inc. provided to the California Secretary of State as the address for service of process. *See* https://businesssearch.sos.ca.gov/CBS/SearchResults?filing=&SearchType=CORP&SearchCriteria=chain+vault&SearchSubType=Keyword  (last accessed Sept. 2, 2021).

(*Id*., Dkt. No. 25.)  On November 18, 2020, the district court granted Plaintiff's request for alias summons.  (*Id.,* Dkt. No. 30.)  The court noted that Plaintiff had been diligent in trying to obtain service on Defendants and directed the Clerk of Court again to serve the summons and complaint.  (*Id*.)  The court reiterated that service may be made by certified mail to the address provided by Plaintiff at 8875 Costa Verde Blvd. #811 San Diego, CA 92122.  (*Id.*)  On November 19, 2020, counsel for Defendants filed a notice of appearance.  (*Id.*, Dkt. No. 27.)  On December 9 and 10, 2020, the U.S. Marshal indicated it successfully executed service by certified mail at 8875 Costa Verde Blvd. #811 San Diego, CA 92122 on November 28, 2020.  (*Id.*, Dkt. Nos. 36, 39.)  On May 17, 2021, the court granted Defendants' motion to dismiss for lack of personal jurisdiction.  (*Id*., Dkt. No. 47.)  Thereafter, on June 1, 2021, Plaintiff re-filed the patent infringement complaint in this Court.  (Dkt. No. 1.)

### Discussion

Federal Rule of Civil Procedure ("Rule") 4(e) provides that service on an individual may be served by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e).  In California, "[i]f service of a summons by other means proves impossible, service may be effected by publication, upon the trial court's approval."  *Rios v. Singh*, 65 Cal. App. 5th 871 (2021) (citing *Watts v. Crawford*, 10 Cal. 4th 743, 748-49 and fn. 5 (1995)).  Due to concerns of due process, service by publication should be used "only as a last resort."  *Watts*, 10 Cal. 4th at 749 n. 5.  "A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in [section 415.10 *et seq*.] and that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a

necessary or proper party to the action." Cal. Code Civ. Proc. 415.50.[3] "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location], generally are sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication." *Watts,* 10 Cal. 4th at 749, n. 5 (quoting Cal. Judicial Council Com., West Ann. Code Civ. Proc. (1969 ed.) § 415.50). Whether the plaintiff exercised reasonable diligence necessary to satisfy service by publication depends on the facts of each case. *See Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978) (searching one directory is one reasonable step but does not exhaust all avenues). "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.'" *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015). "In addition to attempting personal service, courts also require attempts to serve the defendant by at least

---

[3] A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.
(2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.
(b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.
Cal. Civ. Proc. Code § 415.50(a).

1   one other method." *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 300 (S.D. Cal.
2   2020).
3      Here, there has been only one attempt at personal service by the U.S. Marshal.
4   This is clearly not reasonable diligence sufficient to justify service by publication.
5   Moreover, based on the service history in the Southern District of Indiana case where the
6   U.S. Marshal effected service by certified mail with an address at 8875 Costa Verde
7   Blvd., #811, it appears that, in this case, Plaintiff provided the U.S. Marshal with an
8   incorrect address of 8875 Costa Verde Blvd., #8-11. (*See* Dkt. No. 6.) It is not clear
9   whether the U.S. Marshal attempted to determine if #811 rather than #8-11, exists at the
10  complex. Therefore, the Court DIRECTS the U.S. Marshal to make another attempt at
11  service for Defendants after Plaintiff provides a corrected address. Because Plaintiff has
12  not demonstrated reasonable diligence to support service by publication in this case, the
13  Court DENIES Plaintiff's request for service by publication.
14     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall issue a
15  summons as to Plaintiff's Complaint, (Dkt. No. 1), upon Defendants and shall forward it
16  to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendants. In addition,
17  the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of
18  the Complaint and the summons so that he may serve the Defendants. Upon receipt of
19  these documents, Plaintiff is directed to complete the Form 285s with the **correct** address
20  and return them to the United States Marshal according to the instructions provided by
21  the Clerk in the letter. Upon receipt, the U.S. Marshal shall serve a copy of the
22  Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form
23  285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. §
24  1915(d); Fed. R. Civ. P. 4(c)(3).
25     In the event the U.S. Marshal is unable execute service at the corrected address,
26  prior to fling another motion for service by publication, Plaintiff must conduct a
27  / / /
28  / / /

reasonable investigation into locating Defendants' address and provide an affidavit explaining his attempts.

IT IS SO ORDERED.

Dated: September 3, 2021

Hon. Gonzalo P. Curiel
United States District Judge